IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AB, | ) | |
| | ) | Case: 4:22-CV-1199 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON FINE, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

# COMPLAINT

Comes Now Plaintiff AB ("Plaintiff"), for the Complaint against Defendant Jason Fine ("Defendant"), and states as follow:

**COUNT I: Violation of 18 U.S.C. §§ 2252A, brought pursuant to 18 U.S.C. § 2255**

1. Plaintiff is a resident of the State of Kentucky.

2. Defendant is a resident of the State of Missouri.

3. Plaintiff brings a claim under 18 U.S.C. § 2255 against Defendant due to Defendant's violation of 18 U.S.C. § 2252A.

4. This Court has jurisdiction in that this case invokes questions of federal law and claims based on federal law.

5. Venue is proper in this Court in that a substantial amount of the conduct described herein occurred in the Eastern District of Missouri.

6. Plaintiff is currently 12 years old.

7. Defendant is currently 50 years old.

8. Between July 1, 2021 and September 2, 2021:

a. Defendant communicated with Plaintiff via Kik Messenger social media application;

b. At the time, Plaintiff was only 11 years old and residing in Kentucky;

c. Defendant falsely represented himself to be an 11 year old female;

d. Defendant believed and/or knew he was communicating with a minor child when he was communicating with Plaintiff;

e. Defendant requested that Plaintiff send him child pornography of herself, consisting of a lascivious display of Plaintiff's genitals;

f. At Defendant's request, Plaintiff sent Defendant multiple files of such child pornography;

g. In a June 14, 2022 consensual interview with law enforcement, Defendant admitted that he had communicated with multiple minors and that a few of the minor children had sent him child pornography. Defendant also admitted that he asked Plaintiff to send him child pornography;

h. A forensic analysis of Defendant's cellular telephone, an Apple iPhone 12 Pro Max, located three unique video files of child pornography. Each video depicted a minor engaged in sexually explicit conduct, including at least one of Plaintiff;

i. Defendant used the Internet, which was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate of interstate and foreign commerce. The Defendant's Apple iPhone 12 Pro Max was manufactured outside the State of Missouri and

travelled in interstate or foreign commerce prior to the Defendant's possession of them.

9. As a result of Defendant's conduct, Defendant was criminally charged for violating 18 U.S.C. § 2252A in the United States District Court for the Eastern District of Missouri (*United States of America v. Jason W. Fine, Case Number 4:22-CR00604-RLW*). On November 1, 2022, Defendant, while under oath, pled guilty to violating 18 U.S.C. § 2252A and admitted that Plaintiff was one of his victims.

10. 18 U.S.C. § 2252A criminalizes receiving, distributing, and/or possession of child pornography using facilities and/or means of interstate commerce.

11. 18 U.S.C. § 2255 provides victims of violations of 18 U.S.C. § 2252A, such as Plaintiff, a civil remedy and right to bring a civil action for personal injury, including damages, reasonable attorneys' fees, costs incurred pursuing this action, and punitive damages.

12. Plaintiff was a victim of Defendant's violation(s) of 18 U.S.C. § 2252A.

13. As a direct and proximate cause of Defendant's violation(s) of 18 U.S.C. § 2252A, Plaintiff suffered actual damages including, without limitation, emotional distress, psychological trauma, embarrassment, anxiety, post-traumatic stress disorder, and/or mortification.

14. As a direct and proximate cause of Defendant's violation(s) of 18 U.S.C. § 2252A, Plaintiff has will continue to suffer actual damages for the foreseeable future, including emotional distress, humiliation, anxiety, embarrassment, and fear.

15. Plaintiff is entitled to an award of reasonable attorneys' fees.

16. Defendant's willful and wanton, intentional, and unlawful conduct warrants an award of punitive damages.

Wherefore, Plaintiff prays this Court enter judgment in favor of Plaintiff and against Defendant and award Plaintiff an award of monetary damages, punitive damages, attorneys' fees, costs incurred pursuing this action, interest as allowed by law, and such other and further relief this Court deems just and proper.

Respectfully Submitted,

**THE O'BRIEN LAW FIRM, PC**

BY: /S/ Grant C. Boyd
Grant C. Boyd #67362
815 Geyer Ave
St. Louis, MO 63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com